UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ISAAC GASTON and )
DIGITAL EXCITEMENT L.L.C., )
                           )
    Plaintiffs,           )
                           )
vs.                        )    Civil Action No. CV-03-S-1888-S
                           )
UPS HEADQUARTERS, ATLANTA, )
*et al.*,                  )
                           )           **ENTERED**
    Defendants.           )           OCT - 3 2003

## MEMORANDUM OPINION

Plaintiff Isaac Gaston, proceeding *pro se*, asserts a claim of race discrimination against defendants, purportedly pursuant to 42 U.S.C. § 1983.[1] The plaintiff denominated as "Digital Excitement L.L.C." presumably is Mr. Gaston's business; in any event, that entity also has asserted the same claim.[2] The action is before the court on defendants' motion to dismiss (doc. no. 9).

Defendants base their motion upon Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiffs' allegations fail to state a claim upon which relief may be granted.

---

[1] 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute.

[2] Doc. no. 1 (Complaint). As defendants correctly point out, corporations (or other entities created by law) may appear only by attorneys and not *pro se*. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

Specifically, defendants argue that they are not state actors, and that an action based upon 42 U.S.C. § 1983 accordingly may not be maintained against them. Plaintiffs filed a response to the motion, which contains the following statement: "Please be advised to amend my case of suit under action [sic] 1981. Statement of [section] 1983 was an oversite [sic]. Again I am suing under Civil Rights under U.S.C. 1981."[3]

The pleadings submitted by a *pro se* litigant are to be construed with leniency. The principle underlying this liberal construction is "to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *see also, e.g., Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). However, this leniency does not extend so far as to give the court leave to serve as *de facto* counsel for a *pro se* litigant, or to rewrite any deficient pleadings. *See Gibbs v. Republic Tobacco, L.P.*, 119 F. Supp. 2d 1288, 1290 (M.D. Fla. 2001) (holding that the court would not rewrite a *pro se* litigant's pleadings).

In view of the foregoing, the court construes plaintiffs' response filed September 29, 2003, as a motion to amend the complaint to assert a claim for race discrimination based upon 42 U.S.C. § 1981. As so construed, the "motion" is due to be granted.

Even so, the claim of plaintiff Digital Excitement L.L.C., which apparently is a

---

[3]Doc. no. 11.

limited liability company, is due to be dismissed. The statute upon which the claim is based reads, in pertinent part, as follows:

> All *persons* within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a) (emphasis supplied). Because Digital Excitement L.L.C. is not a *person*, it may not maintain an action under 42 U.S.C. § 1981.[4]

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 3rd day of October, 2003.

_____
United States District Judge

---

[4] *See supra* note 2.